# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2010

No. 09-50185
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MORRIS ALLEN PARDUE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-200-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Morris Allen Pardue appeals his jury conviction for possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine) and for use of a minor to assist in avoiding detection and apprehension in connection with the drug offense. *See* 21 U.S.C. § 841(a)(1) and (b)(1), 861(a)(2).

Pardue argues that the district court erred when it omitted from the jury instructions and the verdict form the "knowingly and intentionally" element of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the use-of-a-minor offense.  He contends that under the instructions given, the Government was not required to prove all of the elements of the use-of-a-minor offense and that acquittal is mandated.  Although the court corrected the jury instructions and verdict form to include the missing element and ordered the jury to deliberate and vote using the corrected instructions and form, Pardue argues that district court's error confused the jury and that the error is not harmless.

Pardue did not object to the original instructions, and his objection to the court's proposed corrected instruction, "to preserve the error," was not specific and did not inform the court of the grounds for the objection, as is required by Rule 30(d) of the Federal Rules of Criminal Procedure to preserve his objection. Pardue did not object to either the original or the corrected verdict form. Accordingly, review is for plain error only.  *See* FED. R. CRIM. P. 30(d), 52(b); *United States v. Betancourt*, 586 F.3d 303, 305-06 (5th Cir. 2009).  Pardue has not shown that the corrected instructions and form were erroneous or misled the jury, and he has not shown that any error in the original instructions and form, which were corrected by the district court, affected his substantial rights. Accordingly, he has not shown plain error.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Pardue also argues that the evidence at trial was insufficient to support the "with intent to distribute" element of his conviction for possession with intent to distribute five grams or more of crack cocaine.  Because Pardue raised this argument in his motions for a judgment of acquittal at the close of the Government's case and at the close of all of the evidence, he properly preserved his sufficiency claim for appellate review.  *See United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003); FED. R. CRIM. P. 29(a).

Pardue's argument ignores the narcotics expert's opinion testimony that possession of six to seven grams of crack cocaine was inconsistent with personal use and more consistent with being a mid-level dealer.  The jury also heard the

audio tape of and testimony about the police officer's interview with Pardue immediately after his arrest in which, among other stories, Pardue said that he, the minor S.B., and two other men had pooled their money and Pardue bought a bag of crack cocaine to split among them. This evidence that Pardue intended to split or share with the other men supports the inference that he intended to distribute or deliver the crack cocaine by transferring some of it to others. *See* 21 U.S.C. § 802(8), (11). Although Pardue testified that eight grams was consistent with his and others' personal use and that he did not split the crack cocaine with others, the jury was free to disbelieve this testimony. *See United States v. Casilla*, 20 F.3d 600, 602 (5th Cir. 1994). We do not "review . . . the weight of the evidence or . . . the credibility of the witnesses." *Floyd*, 343 F.3d at 370. Viewing the evidence in the light most favorable to the verdict, a reasonable jury could conclude that the Government proved beyond a reasonable doubt Pardue's intent to distribute the crack cocaine.

AFFIRMED.